UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUANA PEREZ,

                Plaintiff,

        -against-

EMPIRE CITY CASINO; LAGUARDIA
AIRPORT; BURLINGTON STORES,

              Defendants.

23-CV-3330 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, invokes the court's federal question jurisdiction, alleging that Defendants have violated her rights. She sues Empire City Casino, LaGuardia Airport, and Burlington Stores. By order dated April 21, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint, but grants Plaintiff 30 days' leave to replead her claims in an amended complaint.

### STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

Plaintiff brings her claims using the court's general complaint form. She checks the box to invoke the court's federal question jurisdiction, and in response to the question asking which of her federal constitutional or federal statutory rights have been violated, Plaintiff writes, "the case is New York." (ECF 1, at 2.) She states that her claims occurred in "NY" on April 15, 2023. (*Id.* at 5.)

The following allegations are taken from the complaint. With respect to Defendant LaGuardia Airport, Plaintiff states,

> Flight arrives from Miami Fl. Flight arrived late 11:50 PM. Know the route that time. I live in another state I stayed in the airport another day 12 AM I stayed asleep I 4 AM I wake up my clothes are different I had 20 crosses, one large in my hand another in my ( _____ ) I have scared (4) two thousand nineteen.

(*Id.*)[1]

With respect to Defendant Empire City Casino, Plaintiff states, "I went play casino won I [illegible] 10 more thousand dollars. I called the employees I had as money can't play with money 2022 I went to play won, 3 seven morning him did not pay either." (*Id.* at 5-6.)

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, punctuation are as in the original unless indicated otherwise.

With respect to Defendant Burlington Stores, Plaintiff alleges, "I went to buy a New York store on floor there was a [illegible] in said the my leg and feet hurt [illegible] can't together with my family got the same problem." (*Id.* at 6.)

Plaintiff leaves blank the sections of the complaint form asking her to describe the injuries she received as a result of Defendants' actions and the relief she is seeking.

Plaintiff attaches to the complaint (1) a letter from the Social Security Administration describing the Social Security benefits she is currently receiving (*id.* at 8-9); and (2) a "Civil Case Information Statement" form from the New Jersey Judiciary Civil Practice Division, on which she circles an option to state that she is bringing a personal injury action (*id.* at 10-12).

## DISCUSSION

### A.      Rules 8 and 20 of the Federal Rules of Civil Procedure

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

Under Rule 20 of the Federal Rules of Civil Procedure, a plaintiff may not pursue unrelated claims against multiple defendants. *See* Fed. R. Civ. P. 20(a)(2) ("Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly,

severally, or in the alternative with respect to or arising out of the *same transaction, occurrence, or series of transactions or occurrences*; and (B) any question of law or fact *common to all defendants* will arise in the action.") (emphasis added)); *e.g., Peterson v. Regina*, 935 F. Supp. 2d 628, 638 (S.D.N.Y. 2013) ("Case law makes clear that '[i]n the absence of a connection between Defendants' alleged misconduct, the mere allegation that Plaintiff was injured by all Defendants is not sufficient [by itself] to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a).'") (alterations in original) (quoting *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 167 (S.D.N.Y. 2009)).

Here, Plaintiff's complaint does not comply with Rule 8. Plaintiff's allegations, even when afforded the solitude due to *pro se* submissions, do not contain sufficient information to suggest a plausible legal claim against any of the defendants. In fact, as discussed below, it is unclear from the complaint whether this Court has subject matter jurisdiction of the action or whether venue is proper in this District. Moreover, the complaint does not comply with Rule 20 because it does not suggest that the claims are related or that any questions or law or fact are common to the three named defendants.

## B.     Subject Matter Jurisdiction

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway*

*Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative.").

### 1.    Federal Question Jurisdiction

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Here, Plaintiff checks off the box on the complaint form to invoke the court's federal question jurisdiction, but she fails to specify which of her federal constitutional or federal statutory rights have been violated, and none of her allegations suggests a viable cause of action under federal law. Plaintiff therefore fails to show that this Court has federal question jurisdiction of her claims.

### 2.    Diversity of Citizenship Jurisdiction

Plaintiff also does not allege facts demonstrating that the Court has diversity jurisdiction of this action. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524

U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). For purposes of diversity jurisdiction, a corporation is a citizen of both the State where it is incorporated and the State where it has its principal place of business. *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010). "An individual's citizenship, within the meaning of the diversity statue, is determined by his domicile." *Johnson v. Smithsonian*, 4 Fed. App' x 69, 70 (2d Cir. 2001) (citing *Palazzo v. Corio*, 232 F.3d 88, 42 (2d Cir. 2000)).

Plaintiff alleges that she is a resident of New Jersey. She provides addresses for Empire City Casino in Yonkers, New York, and for a Burlington Store location in Queens, New York, but she does not identify either corporate defendant's state of incorporation or the state where it has its principal place of business. Plaintiff states that LaGuardia Airport is located in Queens, New York, but she provides no additional information regarding this defendant's citizenship.[2]

Even if Plaintiff could establish diversity of citizenship, she must also show that her claims are worth in excess of $75,000. Plaintiff does not allege the value of her claims or state the amount of damages that she is seeking, and her allegations do not suggest that her claims exceed the $75,000 statutory minimum. Plaintiff therefore does not demonstrate that the Court has diversity jurisdiction of her claims.

---

[2] LaGuardia Airport is operated by the Port Authority of New York and New Jersey under a lease with the City of New York. *See Paskar v. City of New York*, 3 F. Supp. 3d 129, 131 (S.D.N.Y. 2014). The airport houses multiple airlines and other vendors. Because the complaint does not state what happened to Plaintiff at the airport, where in the airport her rights were violated, or who specifically violated her rights, the Court is unable to determine at this time whether "LaGuardia Airport" is an appropriate defendant for any state law claims Plaintiff may be asserting under the court's diversity jurisdiction.

Because Plaintiff does not demonstrate that the Court has either federal question jurisdiction or diversity jurisdiction of her claims, the Court dismisses the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). The Court grants Plaintiff 30 days' leave to replead her claims in an amended complaint. If Plaintiff submits an amended complaint, she must allege facts demonstrating that the Court has subject matter jurisdiction of her claims. Furthermore, Plaintiff's amended complaint must comply with the Rules 8 and 20 of the Federal Rules of Civil Procedure.

**C.      Request for *Pro Bono* Counsel**

Along with the complaint, Plaintiff filed an application for the Court to request *pro bono* counsel. (ECF 4.) The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because the Court has determined that it lack subject matter jurisdiction of Plaintiff's claims, Plaintiff's motion for counsel is denied without prejudice to renewal at a later date after Plaintiff submits an amended complaint.

**D.      Burlington Store's Motion for an Extension of Time to Answer**

On May 10, 2023, counsel for Defendant Burlington Stores filed a motion requesting a 14-day extension of time to answer or move to dismiss Plaintiff's complaint. (ECF 6.) Because Plaintiff's complaint has been dismissed, the Court denies Burlington Store's request for an extension as moot. If Plaintiff submits an amended complaint, the Court will screen the amended complaint as required by the IFP statute, 28 U.S.C. § 1915, and, if appropriate, issue an order directing that summonses be issued and Defendants be served.

E.      **Leave to Replead**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts

generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its

defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir.

2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has

cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to

amend at least once when a liberal reading of the complaint gives any indication that a valid

claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v.

USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because it is not clear at this point

whether Plaintiff can allege facts stating a viable claim of which the Court has subject matter

jurisdiction, in an abundance of caution, the Court grants Plaintiff 30 days' leave to replead her

claims in an amended complaint.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must

provide a short and plain statement of the relevant facts supporting each claim against each

defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff

should include all of the information in the amended complaint that Plaintiff wants the Court to

consider in deciding whether the amended complaint states a claim for relief. That information

should include:

    a)  the names and titles of all relevant people;

    b)  a description of all relevant events, including what each defendant did or failed to do,
        the approximate date and time of each event, and the general location where each
        event occurred;

    c)  a description of the injuries Plaintiff suffered; and

    d)  the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory
        relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated her federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Plaintiff's amended complaint must comply with Rule 8 by alleging sufficient facts to suggest a plausible legal claim against the named defendants. She should only assert claims against multiple defendants if those claims arose out of the same series of events and involve a question of law or fact that is common to all defendants. Finally, Plaintiff's amended complaint must allege facts demonstrating that the Court has subject matter jurisdiction of her claims.[3]

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

The Court dismisses the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

---

[3] Plaintiff should also be aware of venue requirements. Under the general venue statute, 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

This federal judicial district, the Southern District of New York, is comprised of the following counties within the State of New York: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b). Queens County is located in the Eastern District of New York. *See id.* § 112(c).

The Court grants Plaintiff 30 days' leave to replead her claims in an amended complaint. Plaintiff must submit any amended complaint to this Court's Pro Se Intake Unit within 30 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 23-CV-3330 (LTS). An Amended Complaint form is attached to this order. If Plaintiff fails to file an amended complaint within the time allowed, or fails to show cause to excuse such failure, the Court will enter judgment consistent with this order.

The Court denies Plaintiff's application for the court to request *pro bono* counsel without prejudice to renewal at a later date. (ECF 4.)

The Court denies as moot Defendant Burlington Store's motion for an extension to answer or move to dismiss the complaint. (ECF 6.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  May 16, 2023
        New York, New York

                                    /s/ Laura Taylor Swain
                                 LAURA TAYLOR SWAIN
                               Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____          ____ Civ. _____ ( ____ )

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*          **AMENDED**
                                                                            **COMPLAINT**

          **-against-**

_____          Jury Trial:  ☐ Yes      ☐ No

_____                        *(check one)*

_____

_____

_____

_____

_____

_____

_____

_____

*(In the space above enter the full name(s) of the defendant(s). If you
cannot fit the names of all of the defendants in the space provided,
please write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The names
listed in the above caption must be identical to those contained in
Part I. Addresses should not be included here.)*


I.      **Parties in this complaint:**

A.      List your name, address and telephone number. If you are presently in custody, include your
        identification number and the name and address of your current place of confinement. Do the same
        for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff        Name _____

                 Street Address _____

                 County, City _____

                 State & Zip Code _____

                 Telephone Number _____

B.      List all defendants. You should state the full name of the defendant, even if that defendant is a
        government agency, an organization, a corporation, or an individual. Include the address where
        each defendant may be served. Make sure that the defendant(s) listed below are identical to those
        contained in the above caption. Attach additional sheets of paper as necessary.

*Rev. 12/2009*                                    1

Defendant  No. 1    Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____


Defendant  No. 2    Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____


Defendant  No. 3    Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____


Defendant  No. 4    Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____


## II.    Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction.  Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.    What is the basis for federal court jurisdiction?  *(check all that apply)*

☐ Federal Questions                    ☐ Diversity of Citizenship

B.    If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? _____

_____

_____

C.    If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship _____

Defendant(s) state(s) of citizenship _____

_____

### III.    Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    Where did the events giving rise to your claim(s) occur? _____

_____

B.    What date and approximate time did the events giving rise to your claim(s) occur? _____

_____

_____

C.    Facts: _____

_____

| What happened to you? |

_____

_____

_____

| Who did what? |

_____

_____

_____

_____

| Was anyone else involved? |

_____

_____

| Who else saw what happened? |

_____

_____

_____


### IV.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____

_____

_____

_____

_____

_____

**V.      Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are

seeking, and the basis for such compensation. _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

Signature of Plaintiff      _____

Mailing Address           _____

_____

_____

Telephone Number        _____

Fax Number *(if you have one)*   _____

<u>Note</u>:   All plaintiffs named in the caption of the complaint must date and sign the complaint.  Prisoners
must also provide their inmate numbers, present place of confinement, and address.

<u>For Prisoners</u>:

I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering
this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for
the Southern District of New York.

Signature of Plaintiff:    _____

Inmate Number          _____