UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUANA PEREZ,

                Plaintiff,

-against-

EMPIRE CITY CASINO; LAGUARDIA AIRPORT; BURLINGTON STORES,

                Defendants.

23-CV-3330 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff filed this action *pro se*. On May 16, 2023, the Court dismissed this action for lack of subject matter jurisdiction, but granted Plaintiff 30 days' leave to replead her claims in an amended complaint. (ECF 7.) Because Plaintiff did not file an amended complaint, on July 5, 2023, the Clerk of Court entered judgment dismissing the action for the reasons stated in the Court's May 16, 2023 order. (ECF 8.) On September 23, 2024, Plaintiff filed a Notice of Motion in which she seeks to reopen this action, along with a declaration in support of her motion. (ECF 9, 10.)

    The Court liberally construes Plaintiff's submission as a motion for relief from a judgment or order, brought under Rule 60(b) of the Federal Rules of Civil Procedure ("Rule 60(b)"). *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a pro se litigant understands what is required of him" (citations omitted)). After reviewing Plaintiff's submission, the Court denies the motion.

## DISCUSSION

Under Rule 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). A motion based on reasons (1), (2), or (3) must be filed "no more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

In her Notice of Motion, Plaintiff states only that she "need[s to] open the case." (ECF 10, at 1.)[1] In her declaration in support of her motion, Plaintiff alleges,

> I never receipt any then about the case[.] I need open the case[.] I flight from Miami, FL arrived late 11.50 PM now the route that time I had time in another state stayed in the airport another day 4 AM I stayed asleep when work + up my I sought my clothes are different. I had crosses one large in my hand sought I had any more had pain my belly. Hand scar[r]ed.

(ECF 9, at 1-2.)

Even under a liberal interpretation of his motion, Plaintiff has failed to demonstrate that any of the grounds listed in the first five clauses of Rule 60(b) apply. Therefore, the motion under any of these clauses is denied.

---

[1] Plaintiff writes using irregular capitalization. For readability, the Court uses standard capitalization when quoting from Plaintiff's submission. All other spelling, grammar, and punctuation are as in the original unless otherwise indicated.

To the extent that Plaintiff seeks relief under Rule 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (*per curiam*) (citation omitted).

Plaintiff has failed to demonstrate that extraordinary circumstances exist to warrant relief under Rule 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950). The Court therefore denies Plaintiff's Rule 60(b) motion.

## CONCLUSION

Plaintiff's Rule 60(b) motion (ECF 9-10) is denied.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   September 24, 2024
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge